**JULIUS et al. v. STATE ex rel. WALCOTT, Bank Com'r.**

No. 15981—Opinion Filed June 16, 1925.

(Syllabus.)

**Banks and Banking—Failed Banks—Invalidity of Transaction Amounting to Preference.**

L. was president of an Oklahoma state bank; he was also guardian of two minors and had the minors' funds deposited in said bank. The bank was found to be in a failing condition. The vice president of the bank took valuable notes from the note case of the bank and delivered them to said L. as security for said deposits, or to prevent said guardian from withdrawing said deposit from said bank. On the same day the officers of the bank notified the State Banking Department of the condition of the bank. On the evening of said day the keys to the banking house were delivered to a representative of the State Banking Department, who, on the following day, took charge of said bank as an insolvent institution. The record examined, and, held, that the conduct of the president and vice president in said transaction was such as to constitute a preference prohibited by section 4144, Comp. Stats. 1921, providing that "no bank, banker, or bank official shall give preference to any depositor or creditor by pledging the assets of the bank as collateral security," and such transaction was, therefore, void.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by the State of Oklahoma, ex rel. Roy Walcott, Bank Commissioner, against Florence Julius and James Billy. Judgment

for plaintiff, and defendants appeal. Affirmed.

McPherren & Hannah and Hatchett & Semple, for plaintiffs in error.

Utterback & MacDonald and Utterback & Stinson, for defendant in error.

PHELPS, J. Frank Lewis was the president of the First State Bank of Durant, Okla. He was also guardian of Florence Julius and James Billy, and as such guardian had on deposit in said bank guardianship funds belonging to his wards aggregating approximately $4,500. On January 25, 1922, the bank was found to be in a failing condition, its only available cash being about $1,380 in the bank and about $7,000 in a bank at Denison, Tex., which, however, was not subject to check, and the officers of the bank had been notified that a draft of $28,500 had been drawn against them by the Indian Agency at Muskogee, withdrawing the funds of said agency on deposit in said bank.

On said 25th day of January, 1922, O. G. Shane, vice president of the bank, delivered to Frank Lewis from the assets of the bank, four promissory notes, the face value of which amounted to $5,450, and also three diamonds valued at $3,600, pledged to secure the payment of one of the notes, the claim being made that the property in question was turned over to Frank Lewis, guardian of said minors, by the vice president of the bank as security for the deposit and to prevent the guardian from withdrawing the guardianship funds on deposit. On the same day the officers of the bank notified the Bank Commissioner of the state of Oklahoma of the condition of the bank, and the Bank Commissioner sent a representative to Durant on said 25th day of January, 1922, and on the evening of said day a consultation was held by the said representative and the officers of the bank, at the conclusion of which the officers of the bank voluntarily turned the keys over to the representative of the Bank Commissioner, who, the following morning, took possession of the bank, and later brought a replevin action against said Frank Lewis for the recovery of the four notes and the pledged diamonds, claiming the same to be assets of the bank. Florence Julius and James Billy, the wards for whom said Frank Lewis had been guardian, intervened and upon trial in the district court of Bryan county judgment for possession of the notes and diamonds in question was rendered for plaintiff, to reverse which this appeal is prosecuted to this court.

Counsel for plaintiffs in error in their brief present three propositions, viz.: That the transfer of the property in this case, even though a preference, was not void; second, that the transaction whereby Frank Lewis took notes as security for the accounts of the guardian of Florence Julius and James Billy was not consummated with a view of preferring these depositors over other depositors, but entered into with a view of saving the bank the deposits of these two wards; and, third, the burden of proof is upon the plaintiff to establish its right to recover.

Section 4144, Comp. Stats. 1921, provides that:

"No bank, banker or bank official shall give preference to any depositor or creditor by pledging the assets of the bank as collateral security: Provided, that any bank may borrow money for temporary purposes, not to exceed in amount fifty per cent. of its paid-up capital, and may pledge assets of the bank as collateral security therefor; Provided, further, that whenever it shall appear that a bank is borrowing habitually for the purpose of reloaning, the Bank Commissioner may require such bank to pay off such borrowed money. Nothing herein shall prevent any bank from rediscounting in good faith and indorsing any of its negotiable notes."

Under proposition 2 counsel for plaintiffs in error contend that the notes in question were not turned over to Mr. Lewis with the view of perferring him as a depositor, and in proposition 1 they contend that even if the acts constituted a preference, the same was not void. With these contentions we cannot agree. The provision of the statute above quoted, in our judgment, is a very salutary provision of the law to prevent banks or bankers, when they see the bank facing a crisis, from turning over the best part of the assets to friends, relatives, or others whom they would protect to the detriment of the depositors generally, and in the instant case to allow the president of this bank, who had guardianship funds deposited in the bank, to receive from the vice president of the bank valuable assets to the detriment of the other creditors, is too palpable and flagrant a violation of this section of the statute for this court to place its stamp of approval upon. We have carefully read the entire record in this case as well as the briefs and arguments of counsel, and are forced to the inevitable conclusion that this was a transaction between the president and the vice president which amounted to nothing more nor less than an attempt on the part of those two officials to save the funds of this guardian to the detriment of the other depositors, and was

clearly such a preference as the above quoted section of the statute intended to prevent, and it would seem manifestly unjust to now say that although their conduct amounted to a preference, the provisions of the law must be defeated by saying that this preference is not void.

The record discloses that this entire transaction was between the two officers of the bank, not participated in nor known by the directors of the bank, and upon the whole presents such a state of facts that we feel the citation of authorities or discussion is wholly unnecessary. The trial court found that the bank was hopelessly insolvent at the time of this transaction; that the officers knew it to be so; that the entire available cash in the bank was not sufficient to cover these guardianship deposits, and it is, therefore, straining a point to say that the notes were given to Mr. Lewis to prevent the withdrawal of the guardianship funds, and a careful examination of the record, in our judgment, abundantly supports this finding—indeed it precludes any other finding. The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., and MASON, LESTER HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 7 C. J. p. 728.