In re Estate of Isabelle H. Foster.

Hattie Hodson, Objector, Appellee, v. W. H. Williams, Administrator, Appellant.

No. 42654.

October 23, 1934.

W. T. Guiher and Percival & Wilkinson, for appellant.

Foster W. Powell, for appellee.

Albert, J.—On August 16, 1929, W. H. Williams was appointed administrator of the estate of Isabelle H. Foster, deceased. At that time he was cashier and managing officer of the Citizens State Bank of Earlham, Iowa, and so continued until the 6th day of September, 1930, when this bank closed and a receiver was appointed. This administrator kept the funds of the estate on deposit in the bank of which he was cashier, and at the time of the closing of the bank there was to his credit as such administrator the sum of $1,076.17. The receiver of the bank has paid his final dividend, and on this deposit the administrator received dividends to the amount of $240.59. Williams made his final report to the court as administrator, in which he accounts for the dividends received from said

receivership, and the balance of $835.58 he reported as lost by reason of the insolvency of said bank. Objections were filed to this final report, and the objectors insist that the administrator must account to the court for the aforesaid $835.58. The basis of the objections made was that the administrator negligently left the said deposit in the bank until it failed and went into the hands of a receiver, and that the loss of said funds to the estate was due to the administrator's failure to properly perform his duties in relation to the same.

 This being an action at law, it is not triable *de novo* here, and the findings of the district court have the same force and effect as the verdict of a jury. The district court found that the administrator had failed to properly perform his duties in relation to this fund, and that he therefore must account for the same. At this point in the case we must say that, aside from the rule just announced, when we come to consider the record in the case we find many exhibits—by way of books, statements, ledger sheets, and reports—which are referred to in the record and which were before the district court when the case was tried, that are not before us, and on account of the lack of these exhibits we are disposed to hold that the findings of the district court in relation to these matters are correct. Aside from this, however, we have tried to get what light we can from the record and, so far as we are able to see, the fact findings which the district court must have made in order to reach the conclusion it did are correct.

 We then have left the questions of law involved. In the case of In re Enfield's Estate, 217 Iowa 273, 251 N. W. 637, we had this identical situation before us, and therein held that the administrator must account for the money lost in the insolvent bank. The Enfield case disposes of all the questions that could be raised in this case, and must rule the same, except that the administrator argues that, although the run on the bank started three days before it was closed, he had no right to withdraw the funds on deposit belonging to this estate because if he had done so it would have created a preference. He relies largely on Julius v. State, 113 Okl. 7, 237 P. 605. This opinion is of little weight because it is based upon a peculiar statute of said state. He also relies on Leach v. Beazley, 201 Iowa 337, 207 N. W. 374. This case is of no weight in considering the questions before us, because Miller (the executor in that case) was not a managing officer of the bank.

Reliance is also placed on section 9220 of the Code of 1931, the argument being that this section prevents the managing officer of an insolvent bank from withdrawing funds if by so doing he creates a preference. This whole contention is purely adventitious. The real situation is that, under the record in this case, the administrator was derelict in his duty, in that he failed to account to the court for the funds that he had in his hands as such administrator, and the excuse he offers therefor is not tenable under the fact situation in the case.

Viewed from another angle, however, if we concede for the purpose of the argument that the administrator, when he discovered the insolvency of the bank, had no right to withdraw this fund and thereby create a preference, we still think that this element is not controlling in the case. He had the general duty under the statute to do all those things which were necessary and reasonable to protect this fund. He had a way provided by statute to free himself from liability, under section 9285 of the Code:

"Any court having appointed, and having jurisdiction of any receiver, executor, administrator, guardian, assignee, or other trustee, upon the application of such officer or trustee, after such notice to the other parties in interest as the court may direct, and after a hearing upon such application, may order such officer or trustee to deposit any moneys then in his hands, or which may come into his hands thereafter, and until the further order of said court, with any such trust company, state or savings bank, and upon deposit of such money, and its receipt and acceptance by such corporation, the said officer or trustees shall be discharged from further care or responsibility therefor. Such deposit shall be paid out only upon the orders of said court."

Had he followed the provisions of this section of the Code, he would have been discharged from further care or responsibility for said fund, and any reasonable man, who was seeking to protect himself as such administrator, would have adopted the method marked out in the statute here to free himself from such responsibility. It may be that this was the view of the court in reaching the conclusion it did. We are, therefore, of the conclusion that, in any view that might be taken of this case, the administrator cannot escape liability, and therefore the action of the district court was

right, under the record in this case, in requiring him to account for this fund so lost in the bank.

Motion to strike amendment to abstract is overruled.—Affirmed.

MITCHELL, C. J., and KINDIG, EVANS, DONEGAN, and KINTZINGER, JJ., concur.